# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEX SHADIE,

    Plaintiff,

GLORIA FORTE and HAZLETON AREA SCHOOL DISTRICT,

    Defendants,

CIVIL ACTION NO. 3:10-CV-2121

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Defendant Hazleton Area School District's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 16.) For the reasons stated below, Defendant's Motion will be granted in part and denied in part.

## BACKGROUND

The facts alleged in the Complaint are as follows. Plaintiff is an adult individual residing in Luzerne County, Pennsylvania. Plaintiff has been diagnosed as having autism, a neurological condition that ranges in severity and impacts development in the areas of social interaction and communication skills. Plaintiff's condition limits his ability to function, and he has been diagnosed as being moderately mentally retarded. During the relevant time frame, Plaintiff was enrolled in a 12th grade Life Skills class at Hazleton Area High School. At that time, Defendant Gloria Forte was employed by Defendant Hazleton Area School District as a class aide in that class. During the course of performing her duties as a class aide, Defendant Forte repeatedly employed the use of "aversive" techniques, which are techniques designed to establish a negative association with a specific behavior. These techniques are specifically excluded from Title 22 of the Pennsylvania State Codes List of

Positive Approaches to Behavior Management, § 14.133(e) – the regulations for special education devised by the State Department of Education.  The techniques used by Defendant Forte on the Plaintiff included: grabbing the Plaintiff by the arm; shaking the Plaintiff; stating to the Plaintiff, "Alex wake up.  What's wrong with you?"; striking the Plaintiff in the forehead with the palm of her hand; shoving the Plaintiff into his chair; and knocking the Plaintiff's feet from a chair.  These techniques were employed on at least three occasions during the 2007-2008 school year in response to Plaintiff becoming non-responsive in class: January 2, 2008, March 4, 2008, and March 7, 2008, and were reported to Carl Manfredi, the head of special education for the Hazleton Area School District.  No action was taken by Mr. Manfredi, and Defendant Forte remained in her position as an aide in the 12th grade life skills classroom.  As a result of these actions, Plaintiff suffered regression in his development, physical injuries, including bruising and contusions, and post-traumatic stress disorder.

Plaintiff filed his original Complaint in state court.  The suit was removed to federal court by Defendants on October 13, 2010.  Defendant Hazleton Area School District moved to have the Complaint dismissed on October 19, 2010. (Doc. 2.)  Plaintiff then amended his Complaint, which was filed on December 14, 2010. (Doc. 15.)  In the Amended Complaint, Plaintiff brings claims against Defendant Hazleton Area School District and Defendant Forte for violating his substantive Due Process and Equal Protection rights under the 14th Amendment (Count I); violating the Individuals with Disabilities Education Act ("IDEA") (Count II); violating § 504 of the Federal Rehabilitation Act (Count VII); Breach of Fiduciary Duty (Count V); and Negligence (Count VI).  Plaintiff also brought claims against Defendant Forte for Assault and Battery (Count III) and Intentional Infliction of Emotional Distress

(Count IV).

Defendant Hazleton Area School District filed a Motion to Dismiss Plaintiff's Amended Complaint on December 28, 2010. (Doc. 16.) Specifically, Defendant seeks to have the entire Complaint dismissed for Plaintiff's failure to exhaust his administrative remedies under the IDEA. In the alternative, Defendant seeks to have Plaintiff's 14th Amendment claims, the breach of fiduciary duty and negligence claims, and any claims for punitive damages against the Hazleton Area School District dismissed for failing to state a claim. The Motion has been briefed by both sides and is ripe for review.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant

3

[with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

Further, Defendant's Motion to Dismiss seek dismissal of Plaintiff's Complaint on the grounds that Plaintiff failed to exhaust his administrative remedies. In most circumstances,

4

motions for dismissal based on a failure to exhaust administrative remedies are reviewed under Rule 12(b)(6), rather than under Federal Rule of Civil Procedure 12(b)(1), because the exhaustion requirement normally does not implicate a court's jurisdiction. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87-88 (3d Cir.1999); *see also D'Amico v. CBS Corp.*, 297 F.3d 287, 290 (3d Cir.2002). In contrast, the Third Circuit Court of Appeals in *W.B. v. Matula* determined that exhaustion is jurisdictional in the IDEA context. 67 F.3d 484, 493 (1995). Accordingly, the appropriate device by which to consider this jurisdictional challenge is a motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1) (providing for dismissal of complaint where court lacks subject matter jurisdiction). *See Falzett v. Pocono Mountain Sch. Dist.*, 150 F.Supp.2d 699, 701 & n. 2 (M.D.Pa.2001) (Caputo, J.). Therefore, Defendant's Motion to Dismiss will be construed as pursuant to Rule 12(b)(1) to the extent that it challenges Plantiff's failure to exhaust administrative remedies.

Unlike dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks the authority to hear the case. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

## DISCUSSION

### I.  Plaintiff's Failure to Exhaust his Administrative Remedies

Plaintiff's Complaint will not be dismissed for failing to exhaust his administrative remedies because Plaintiff is suing for damages, a remedy unavailable under the IDEA administrative procedures.

In 1970, Congress enacted the Education of the Handicapped Act (EHA), later

5

renamed the Individuals with Disabilities Education Act (hereinafter, "the IDEA"), codified at Title 20 of the United States Code, sections 1400 et seq. , to assure that all children with disabilities have available to them a free appropriate public education. The IDEA emphasizes special education and related services designed to meet their unique needs. The central purpose of the IDEA is to ensure that children with disabilities have a free appropriate public education (FAPE), and that their rights are protected. 20 U.S.C. § 1400(d).

The IDEA conditions a state's receipt of federal funds for special education programs on its implementation of "policies and procedures to ensure that ... [a] free appropriate public education is available to all children with disabilities...." 20 U.S.C. § 1412(a)(1)(A); *Shore Regional High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 198 (3d Cir.2004). A free appropriate public education " 'consists of educational instruction specifically designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to 'benefit' from the instruction.' " *W.B. v. Matula*, 67 F.3d 484, 491 (3d Cir.1995) (quoting *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester County v. Rowley*, 458 U.S. 176, 188-89, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). The "primary vehicle" for implementing a free appropriate public education is the Individualized Educational Program (IEP). "The IEP consists of a detailed written statement arrived at by a multi-disciplinary team summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive." *Polk v. Cent. Susquehanna Intermediate Unit 16*, 853 F.2d 171, 173 (3d Cir.1988) (citing 30 C.F.R. § 300.347), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989). *Melissa S. v. School Dist. of Pittsburgh*, 183 Fed.Appx. 184, 186-87 (3d Cir.2006).

To prevail on a claim that a school district failed to implement an IEP, a plaintiff must show that the school failed to implement substantial or significant provisions of the IEP, as opposed to a mere *de minimis* failure, such that the disabled child was denied a meaningful educational benefit. *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 349 (5th Cir.2000). Flexibility to implement an IEP is maintained, yet the school district is accountable for "confer[ring] some educational benefit upon the handicapped child," as required by the IDEA. *T.R. ex rel. N.R. v. Kingwood Twp. Bd. of Educ.*, 205 F.3d 572, 577 (3d Cir.2000) (citing *Rowley*, 458 U.S. at 188-89, 102 S.Ct. 3034). *Melissa S.*, 183 Fed.Appx. at 187.

The IDEA creates a "right, enforceable in federal court, to the free appropriate public education required by the statute." *Smith v. Robinson*, 468 U.S. 992, 1002 n. 6, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984), *superseded by statute on other grounds by* Pub.L. No. 99-372, 100 Stat. 796 (1986); *accord Honig v. Doe*, 484 U.S. 305, 310, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (describing the right to a free appropriate public education as "an enforceable substantive right"). Before a plaintiff can bring a claim in federal court for an IDEA violation, however, he must exhaust his administrative remedies, including, in Pennsylvania, a local due process hearing and an appeal to the state educational agency. 20 U.S.C. § 1415(f). Any party dissatisfied with the state administrative hearing may bring a civil action in state or federal court, in which the court must conduct an independent review based on the preponderance of the evidence, while giving "due weight" to the state administrative findings. *Polk*, 853 F.2d at 173 (citing *Rowley*, 458 U.S. at 206-07, 102 S.Ct. 3034).

The IDEA's exhaustion requirement applies to all claims for relief available under the IDEA, even if a claim arises under a different cause of action. *Jeremy H. v. Mount Lebanon Sch. Dist.*, 95 F.3d 272, 281 (3d Cir.1996). That is to say, a plaintiff may not avoid the exhaustion requirement by alleging an IDEA violation in a § 1983 claim predicated upon the IDEA.

As noted above, the IDEA requires a party to exhaust administrative remedies before they may sue in federal court. 20 U.S.C. § 1415( I ); *Lester H. by Octavia P. v. Gilhool*, 916 F.2d 865, 869 (3d Cir.1990). Plaintiff concedes that he did not satisfy the IDEA's exhaustion requirements. Plaintiff argues, however, that his failure to exhaust is excused under a recognized exception to the exhaustion doctrine.

According to the Third Circuit Court of Appeals, exhaustion under the IDEA is excused when resort to such procedures would be "futile or inadequate." *Matula*, 67 F.3d at 495; *see also Honig*, 484 U.S. at 327, 108 S.Ct. 592 (recognizing "futile or inadequate" exception to exhaustion requirement). Where plaintiffs seek application of this exception, it is their burden to prove the futility or inadequacy of administrative exhaustion. *Honig*, 484 U.S. at 327, 108 S.Ct. 592. The Third Circuit Court of Appeals, excusing failure to exhaust based on the futility exception, has held that "where the relief sought in a civil action is not available in IDEA administrative proceedings, recourse to such proceedings would be futile and the exhaustion requirement is excused." *Matula*, 67 F.3d at 496 (citing *Gilhool*, 916 F.2d at 870). *Accord McCachren v. Blacklick Valley Sch. Dist.*, 217 F.Supp.2d. 594, 597 (W.D.Pa.2002) (holding that the exhaustion requirement is limited to actions seeking relief that is "also available" under the IDEA). In reaching this conclusion, the Court of Appeals

8

looked first to the language of the statute itself. The IDEA states that "before the filing of a civil action under such laws ... *seeking relief that is also available under this subchapter*, the procedures under subsection (f) and (g) of this section shall be exhausted...." 20 U.S.C. § 1415( l ) (emphasis added); *Matula*, 67 F.3d at 495 (quoting this language, which was then found at 20 U.S.C. § 1415(f)). Recognizing that damages are available under § 1983, but not under the IDEA administrative procedures, the *Matula* court then concluded that "by its plain terms [this section] does not require exhaustion where the relief sought is unavailable in an administrative proceeding." *Matula*, 67 F.3d at 495. The *Matula* court reviewed the legislative history, and found compelling support for applying this exception to failure to exhaust IDEA administrative procedures in that case. *Id.*

Here, as in *Matula*, Plaintiff also seeks money damages, relief not available under the IDEA. As a result, Plaintiff's IDEA claim, as well as the remainder of Plaintiff's Complaint, will not be dismissed for failing to exhaust his administrative remedies. While Defendant warns that "plaintiffs . . . should not be permitted to 'sit on' live claims and spurn the administrative process that could provide for the educational services they seek, then later sue for damages," *Polera v. Bd. of Educ.*, 288 F. 3d 478, 481 (2d Cir. 2002), such a scenario is not present here since the relevant events are alleged to have taken place in large part in the second half of Plaintiff's senior year, and therefore would not have been rectified by the IDEA procedures prior to Plaintiff's graduation.

## II.     Plaintiff's 14th Amendment Claims

Plaintiff's 14th Amendment claims for violations of his Substantive Due Process and Equal Protection rights under § 1983 against Defendant Hazleton Area School District will

be dismissed for failure to state a claim upon which relief can be granted.

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The liability of local and municipal government agencies under § 1983 is governed by *Monell v. New York City Dept. of Social Services*. In that case, the United States Supreme Court held that a municipality may be a "state actor" for purposes of liability under § 1983. However, the Supreme Court also held that: "[a] municipality may not be held liable under § 1983 for the constitutional torts of its employees by virtue of *respondeat superior.* Rather, a municipality may be held liable for the conduct of an individual employee or officer only when that conduct implements an official policy or practice." *Monell v. New York City Dept. of Social Services*, 98 S. Ct. 2018 (1978). In fleshing out what constitutes 'implementing official policy or practice, the Third Circuit has held:

An individual's conduct implements official policy or practice under several types of circumstances, including when (1) the individual acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, (2) the individual himself has final policy-making authority such that his conduct represents official policy, or (3) a final policy-maker renders the individual's conduct official for liability purposes by having delegated to him authority to act or speak for the government, or by ratifying the conduct or speech after it has occurred.
.
*Hill v. Borough of Kutztown*, 455 F.3d 225. 245 (3d Cir. 2006) (internal citations omitted).

Here, Plaintiff has not alleged any facts that would support a theory that Defendant Forte, in allegedly using aversive techniques on the Plaintiff, was implementing an official policy or practice. While Plaintiff alleges that Mr. Manfredi, the head of special education for the district, was informed of the alleged incidents of abuse, this lone assertion is

10

insufficient to meet any of the tests for evaluating individual conduct outlined in *Hill*. Therefore, since Defendant Hazleton Area School District cannot be held liable for Defendant Forte's violations of Plaintiff's 14th Amendment rights under § 1983 solely by virtue of a *respondeat superior* theory of vicarious liability, these claims will be dismissed as to Defendant Hazleton Area School District. The Court needn't address the substantive merits of these claims with respect to Defendant Forte at this juncture since she has not moved to have them dismissed.

### III. Plaintiff's State Law Breach of Fiduciary Duty and Negligence Claims

Plaintiff's breach of fiduciary duty and negligence claims against Defendant Hazleton Area School District will be dismissed because the Defendant is immune from suit on these claims under the Political Subdivision Tort Claims Act ("PSTCA"). That Act, codified at 42 Pa. C.S. § 8541, states: "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."

In order to circumvent the broad immunity of local agencies from suit under the PSTCA and to impose liability, two conditions must be met: one, the damages must be recoverable under common law or a statute creating a cause of action, and two, the injury must be caused by the agency or one of its employees acting within the scope of their duties with respect to one of eight categories, including, (1) the operation of motor vehicles, (2) the care, custody or control of personal property, (3) the care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) the care, custody or control of animals. 42 Pa. Cons.Stat. Ann. § 8542.

Here, although the common law of Pennsylvania does provide remedies for claims

11

of Breach of Fiduciary Duty and Negligence, the actions underlying these claims do not fall within one of the eight categories outlined immediately above.  As a result, the PSTCA provides immunity for Defendant Hazleton Area School District with respect to Plaintiff's Breach of Fiduciary Duty and Negligence claims.  Furthermore, Defendant Hazleton Area School District, as a local agency under the PSTCA, cannot be held liable for punitive damages. *Marko v. City of Phila.*, 133 Pa.Cmwlth. 574, 576 A.2d 1193, 1194 (1990). Therefore, Plaintiff's state law tort claims, as well as any claim for punitive damages against the Defendant Hazleton Area School District, will be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Hazleton Area School District's Motion to Dismiss (Doc. 16) will be granted in part and denied in part.  Plaintiff's Complaint will not be dismissed for Plaintiff's failure to exhaust his administrative remedies.  However, Plaintiff's Due Process and Equal Protection 14th Amendment Claims, along with the Breach of Fiduciary Duty and Negligence claims, will all be dismissed as to Defendant Hazleton Area School District.  Plaintiff's IDEA and Federal Rehabilitation claims are still be pending with respect to Defendant Hazleton Area School District, as well as all of Plaintiff's claims against Defendant Forte.  An appropriate order follows.

 2/15/11  
Date

/s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEX SHADIE, | |
| Plaintiff, | CIVIL ACTION NO. 3:10-CV-2121 |
| | (JUDGE CAPUTO) |
| GLORIA FORTE and HAZLETON AREA SCHOOL DISTRICT, | |
| Defendants, | |

## ORDER

**NOW**, this ___15th___ day of February, 2011, **IT IS HEREBY ORDERED** that Defendant Hazleton Area School District's Motion to Dismiss is **GRANTED** in part and **DENIED** in part as follows:

(1) Defendant Hazleton Area School District's Motion to Dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies is denied.

(2) Defendant Hazleton Area School District's Motion to Dismiss Plaintiff's Substantive Due Process and Equal Protection claims against it is granted.

(3) Defendant Hazleton Area School District's Motion to Dismiss Plaintiff's Breach of Fiduciary Duty and Negligence claims against it is also granted.

                                                          /s/ A. Richard Caputo  
                                                        A. Richard Caputo  
                                                        United States District Judge