# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALEX SHADIE,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:10-2121** |
| v. | : | **(JUDGE MANNION)**[1] |
| **GLORIA FORTE and HAZELTON AREA SCHOOL DISTRICT,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

# **MEMORANDUM**[2]

Presently before the court is a motion for summary judgment filed by Defendant Hazelton Area School District (hereinafter "the District"), (Doc. No. 39). Finding that genuine issues of material fact remain as to whether the District violated the plaintiff's rights under the Individuals with Disabilities Education Act ("IDEA") and that compensatory damages in the form of tuition reimbursment may be available, but that some claims are barred by the statute of limitations and that no remedy is available under §504 of the Federal Rehabilitation Act, the motion will be **GRANTED IN PART AND**

---

[1] The instant case was originally assigned to the Honorable A. Richard Caputo. By verbal order, on January 4, 2013, the actions were reassigned to the undersigned.

[2] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

**DENIED IN PART**. In addition, all claims against Defendant Gloria Forte will be **DISMISSED**.

I.   **FACTUAL BACKGROUND**

The plaintiff is an adult individual who has been diagnosed with autism. During the 2007-2008 academic school year, the plaintiff was enrolled in the 12th grade Life Skills class at Hazelton Area High School. The plaintiff alleges that on three occasions a class aide, Defendant Gloria Forte, verbally and physically abused him.

On January 2, 2008, Defendant Forte told the plaintiff "[g]et your feet off the chair" and then knocked his feet from the chair. (Doc. No. 40 ¶ 5). The plaintiff did not receive any medical or psychological treatment, but the plaintiff alleges that he suffered a regression in his education as a result of the incident. (Doc. No. 44 ¶ 7). The parties dispute whether the District was notified of the incident. (Doc. No. 44 ¶ 8).

On March 4, 2008, the plaintiff was sitting with his hands folded in front of him with his chin on his hands when Defendant Forte grabbed the plaintiff's arm and said "wake up." (Doc. No. 40 ¶ 9). Again, the parties agree that the plaintiff received no treatment, but dispute whether there was any effect on the plaintiff. The District was made aware of the incident during a meeting regarding the plaintiff's Individualized Education Plan ("IEP") on March 5,

2008. (Doc. No. 40 ¶ 14). The Director of Special Education, Carl Manfredi, indicated that he would look into the situation. Mr. Manfredi, however, was away from the school district on March 6 and 7, 2008.

On March 7, 2008, the plaintiff had "shut down" and was sitting with his elbows on his desk and his fingers in his ears. (Doc. No. 40 ¶ 18). Defendant Forte grabbed the plaintiff's arm and said "Alex, wake up." (Id.). The plaintiff got up and grabbed Defendant Forte's arms. Another teacher then said "Gloria, he will hurt you." Defendant Forte responded: "[h]e won't hurt me. I wont let him." Defendant Forte then put the palm of her hand on the plaintiff's forehead and pushed him back into his chair. The plaintiff had no physical injuries, but was upset and aggravated by the incident. The plaintiff received no medical, psychological or psychiatric treatment related to the incident. (Id. ¶ 26). The District asserts that Defendant Forte was removed from the classroom and had no further contact with the plaintiff. (Id. ¶ 24). The plaintiff alleges that Defendant Forte was again present in the classroom on March 10, 2008. (Doc. No. 44 ¶ 24).

## II.  PROCEDURAL HISTORY

The plaintiff commenced this action when he filed a writ of summons with the Court of Common Pleas of Luzerne County on March 5, 2010. The plaintiff then filed his complaint on or about September 1, 2010. On October

13, 2010, the District filed a notice of removal based on federal question jurisdiction, (Doc. No. 1). The plaintiff sought leave to amend his complaint, (Doc. No. 11), which was granted on December 10, 2010, (Doc. No. 14). On December 14, 2010, the plaintiff filed his amended complaint, (Doc. No. 15). The amended complaint comprises seven counts: Count I, violations of the plaintiff's Fourteenth Amendment rights against both defendants; Count II, violations of the IDEA against both defendants; Count III, assault and battery against Defendant Forte; Count IV, intentional infliction of emotional distress against Defendant Forte; Count V, breach of fiduciary duty against both defendants; Count VI, negligence against Defendant Forte; and Count VII, violations of §504 of the Federal Rehabilitation Act against both defendants.

On December 28, 2010, the District filed a motion to dismiss the amended complaint, (Doc. No. 16). On January 11, 2011, the District filed a brief in support of its motion, (Doc. No. 17). On January 24, 2011, the plaintiff filed a brief in opposition, (Doc. No. 18). On February 15, 2011, Judge Caputo issued a memorandum and order granting the motion in part and denying it in part. (Doc. No. 22). Judge Caputo dismissed all claims against the District with the exception of the IDEA and Section 504 claims raised under Counts II and VII, respectively. Judge Caputo, however, denied the District's motion to dismiss on the grounds that the plaintiff failed to exhaust administrative remedies.

On December 28, 2012, the District filed the instant motion for summary judgment on the remaining IDEA and §504 claims, (Doc. No. 39), as well as a statement of material facts, (Doc. No. 40), and brief in support, (Doc. No. 41). The District presents four arguments in its motion and brief: first, that the January 2, 2008 and March 4, 2008 incidents are barred by the statute of limitations; second, that the alleged conduct does not constitute a violation of the IDEA by the District; third, that compensatory damages are not available under the IDEA and; fourth, that the Section 504 claims are without merit. On January 28, 2013, the plaintiff filed a brief in opposition, (Doc. No. 45), and responsive statement of facts, (Doc. No. 44). The plaintiff asserts that the related incidents are not time barred; that an IDEA violation did occur when proper education was not provided; that he is entitled to compensatory damages for the violation, and; that violations occurred under more inclusive language of §504. On February 18, 2013, the District filed a brief in reply, (Doc. No. 48).

### III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

5

judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *See Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir.2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this

6

initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non- movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *see also Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## IV. DISCUSSION

The District's motion presents four arguments in support of its request for summary judgment: first, that the January 2, 2008 and March 4, 2008 incidents are barred by the statute of limitations; second, that the alleged conduct does not constitute a violation of the IDEA by the District; third, that compensatory damages are not available and; fourth, that the §504 claims are without merit.

### A. Defendant Forte

As an initial matter, the court will enter a *sua sponte* order dismissing all claims against Defendant Forte. The plaintiff filed his amended complaint on December 14, 2010, (Doc. No. 15). There is no indication in the record that Defendant Forte was ever served with the complaint nor any subsequent filings in this matter. Defendant Forte has not responded in this action. As the plaintiff has made no effort to serve Defendant Forte and seems content to litigate the matter solely against the District and because the 120 day limit for service under Federal Rule of Civil Procedure 4(m) has long passed, the court will dismiss all claims against the Defendant Forte.

### B. Statute of Limitations

The IDEA statute of limitations bars claims not brought within two years of "the date the parent ... knew or should have known about the alleged action that forms the basis of the complaint." 20 U.S.C. § 1415(f)(3)(C); 34 C.F.R. § 300.511(e); *see also* *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244-47 (3d Cir. 2012). The §504 of the Rehabilitation Act has the same two year statute of limitations. 20 U.S.C. § 1415(b)(6)(B); 34 C.F.R. § 300.507(a)(2). The plaintiff did not request a due process hearing as envisioned by the IDEA, but rather filed suit in the Court of Common Pleas of Luzerne County on March 5, 2010. (Doc. No. 1, Att. 4). As such, claims based on the January 2, 2008 and March 4, 2008 alleged incidents of abuse would be barred unless they fall

under one of the two exceptions to the statue of limitations provided in the statute. The two year statute of limitations does not apply if a party was prevented from make a timely filing because of: "(I) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or (ii) the local educational agency's withholding of information from the parent that was required under this subchapter to be provided to the parent." 20 U.S.C. § 1415(f)(3)(D)(i)-(ii); accord 34 C.F.R. § 300.511(f)(1)-(2).

The Third Circuit Court of Appeals recently explained that these two exceptions are to be narrowly construed. *See [D.K. v. Abington Sch. Dist., 696 F.3d 233, 245 (3d Cir. 2012)](#)*. With respect to the misrepresentation exception, the Third Circuit stated that "the majority view is that in order for the exception to apply, the alleged misrepresentation ... must be intentional or flagrant rather than merely a repetition of an aspect of the FAPE determination." *Id.* (internal quotations omitted). With respect to the withholding of information exception, "plaintiffs can satisfy this exception only by showing that the school failed to provide them with a written notice, explanation, or form specifically required by the IDEA statutes and regulations." *Id*. at 246.

The plaintiff alleges that the District withheld information from the plaintiff's parent's regarding the January 2, 2008 incident invoking the second statute of limitations exception and that Mr. Manfredi's statement he would

9

"look into" the March 4, 2008 incident constitutes a misrepresentation, invoking the first exception. Though the court in unconvinced that such conduct meets the "high threshold" outlined by the Third Circuit, the plaintiff's opposition to the statute of limitations bar ultimately fails because the plaintiff has presented no evidence that the alleged misrepresentation or withholding caused the plaintiff to file outside statutory period. *See id.* at 246 ("Establishing evidence of specific misrepresentations or withholding of information is insufficient to invoke the exceptions; a plaintiff must also show that the misrepresentations or withholding *caused* her failure to request a hearing or file a complaint on time.") (emphasis in original). Although the plaintiff avers that he or his parents may not have known about each of the alleged incidents of abuse on the days on which they occurred, the plaintiff clearly states that "on March 7, 2008, the parents knew or should have know about the alleged action that formed the basis of the Complaint." (Doc. No. 45 at 9). Any claims of misrepresentation or withholding ceased to exist when the plaintiff and his parents had knowledge of all of the events. The plaintiff has not presented evidence that either two-month period between January 2, 2008 and March 7, 2008 in which the District allegedly withheld information of the first incident or the three-day period between the March 4, 2008 and March 7, 2008 event somehow *caused* him to be unable to file an action within two years of the first alleged abuse.

10

In other areas of law the plaintiff may be able to take advantage of the doctrine of equitable tolling, effectively starting the statute of limitations on the date the plaintiff learned of the prior incidents. In *D.K. v. Abington School Dist.*, however, the Third Circuit unequivocally stated that common law tolling doctrines do not apply to the IDEA statute of limitations. *See [D.K. v. Abington Sch. Dist.](), 696 F.3d at 248*. Examining the legislative intent of the statute and the doctrine of *exclusio unius*, the court found it to be clear that the legislature intended for misrepresentation and withholding to be the sole exceptions to the IDEA statute of limitations. *See Id.* Ultimately, the Third Circuit stated that: "IDEA plaintiffs cannot escape its statute of limitations by invoking equitable tolling doctrines recognized under state law. They can argue only for the application of one of the statutory exceptions..." *Id.*

The plaintiff states that he and his parents had the information necessary to bring the current claims on March 7, 2008. The plaintiff has made no showing that any misrepresentation or withholding by the District caused him to be unable to file timely complaints regarding the January 2, 2008 or March 4, 2008 incidents. Moreover, the legislative history of the IDEA precludes any argument for equitable tolling that the plaintiff could raise. As such, the court will enter summary judgment on behalf of the District with respect to the plaintiff's January 2, 2008 and March 4, 2008 allegations.

### C. Rehabilitation Act Claim

In order to establish liability for a violation of §504 of the Rehabilitation Act, "a plaintiff must prove that (1) he is 'disabled' as defined by the Act; (2) he is 'otherwise qualified' to participate in school activities; (3) the school or the board of education receives federal financial assistance; and (4) he was excluded from participation in, denied the benefits of, or subject to discrimination at, the school." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 253 (3d Cir.1999) (citing *W.B. v. Matula,* 67 F.3d 484, 492 (3d Cir.1995), abrogated on other grounds by *A.W. v. Jersey City Pub. Schs.*, 486 F.3d 791, 803–04 (3d Cir. 2007)). In addition, to prove a violation under §504 "[t]he plaintiff must also demonstrate that the defendant knew or should have reasonably been expected to know of her disability. However, to establish liability, a plaintiff need not prove that defendant['s] discrimination was intentional." *Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 827 F. Supp. 2d 409, 417 (E.D. Pa. 2011) reconsideration denied, 2012 WL 3279243 (E.D. Pa. Aug. 13, 2012)(internal citations omitted).

The parties do not appear to contest these elements of a basic §504 claim. Rather, the District asserts that a plaintiff must demonstrate a showing of intentional discrimination as a prerequisite for an award of compensatory damages. The plaintiff does not squarely address this argument. In *Chambers*, the U.S. District Court for the Eastern District of Pennsylvania

discussed the Third Circuit's holding in *Ridgewood*, on which the plaintiff relies, and differentiated the case and its progeny because compensatory damages were not at issue. *See id.* at 422. Ultimately, the court in *Chambers* "agree[d] with the overwhelming majority of circuit courts and the district courts within the Third Circuit that require a plaintiff to prove intentional discrimination in order to be entitled to the remedy of compensatory damages under the [ADA and § 504." *Id.* at 425](). This court similarly agrees that a showing of intentional discrimination is required to unlock the remedy of compensatory damages.

The record before the court contains no evidence of intentional discrimination on behalf of the District. The plaintiff has raised questions as to the knowledge various District officials may have had leading up to the March 7, 2008 incident, but has raised no plausible claims that the District intentionally discriminated against the plaintiff based on his disability. As such, the court finds that the plaintiff cannot, as a matter of law, recover compensatory damages under §504 of the Rehabilitation Act.

In finding that the plaintiff cannot recover compensatory damages, the court also finds that the plaintiff's §504 claim as a whole must fail for want of a remedy. The Third Circuit has held that the available remedies for a violation of §504 of the Rehabilitation act "include compensatory damages, injunctive relief, and other forms of relief traditionally available under suits for

breach of contract." *A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007). In Count VII of the amended complaint, the §504 claim, the plaintiff requests "an award of compensatory damages, exclusive of interests and costs fo suit, plus punitive damages against the Defendant, Forte, and such other relief this Court deems necessary and appropriate." (Doc. No. 15 ¶ 80). As discussed above, the plaintiff has failed to meet the necessary burden to recover the clearly requested compensatory damages. The remainder of the demand including the generalized request for "other relief this Court deems necessary and appropriate" cannot be read as specific request for injunctive relief or breach of contract remedies. At no point in Count VII nor in the amended complaint as a whole does the plaintiff articulate any breach of contract theories nor does he outline proposed injunctive relief. As such, finding that compensatory damages are not available as a matter of law and that the plaintiff has not requested any other cognizable form of relief under §504, the court will enter summary judgment on behalf of the District with respect to Count VII of the plaintiff's amended complaint.

### D. Remaining IDEA Claim

With respect to the plaintiff's IDEA claim, the District argues both that there is no IDEA violation attributable to the District and, alternatively, that the plaintiff cannot recover compensatory damages. Although the January 2, 2008 and March 4, 2008 incidents are barred, the court finds that questions

of material fact remain as to whether the March 7, 2008 incident constitutes a violation of the IDEA. Moreover, the court finds that should a violation be found to have occurred, compensatory damages in the form of tuition reimbursement are available.

*i. IDEA Violation*

The IDEA requires that States provide free appropriate public education ("FAPE") to all disabled students as a condition of receiving federal funding. 20 U.S.C. §1412(a)(1)(A). "The core of the entitlement to a FAPE is provided by the IEP, the package of special educational and related services designed to meet the unique needs of the disabled child." *Ferren C. v. Sch. Dist. of Philadelphia*, 612 F.3d 712, 717 (3d Cir. 2010) (citing *Carlisle Area Sch. v. Scott P.*, 62 F.3d 520, 526 (3d Cir.1995)(internal brackets omitted).

As discussed above, the court finds that the plaintiff is barred from bringing claims based on the January 2, 2008 and March 4, 2008 incidents. Nevertheless, the court finds that material issues of fact remain as to whether the March 7, 2009 incident amounts to a violation of the IDEA. Neither party has presented definitive case law to support or defeat a claim that a single act of physical abuse can constitute a violation of student's IEP and in turn the IDEA. In particular, questions remain as to the full knowledge and efforts made by school officials to ensure abuse-free classrooms, a basic element of appropriate education. As such, the court will deny the motion for summary

judgment to the extent it argues that no material issues of fact exist regarding the plaintiff's IDEA claim.

### ii. Compensatory Damages

Finding that issues of material fact remain as to a possible violation of the IDEA, the court must next address the District's challenge to the available remedies. In Count II of the plaintiff's amended complaint, the IDEA claim, the plaintiff seeks "an award of compensatory damages, exclusive of interests and costs of suit, plus punitive damages against the Defendant, Forte, and such other relief this Court deems necessary and appropriate." (Doc. No. 15 ¶ 54). The District now asserts that compensatory damages are not permitted in IDEA cases. In addition, the District argues that any attempt by the plaintiff to seek compensatory relief in the form of reimbursement for private school tuition was a remedy available in the administrative proceedings which the plaintiff declined to engage.

The court understands there to be three types of compensatory relief possibly available in IDEA claims: first, compensatory relief in the form of an order directing the parties to provide educational services; second, tort-based compensatory damages for physical and emotional injuries and; third, monetary damages to reimburse prior tuition expenditures.

The court cannot read the plaintiff's claim for compensatory damages as a request for forward looking compensatory education. In *Ferren C. v.*

*School Dist. Of Philadelphia*, 612 F.3d 712 (3d Cir. 2010), the Third Circuit Court of Appeals upheld the District Court's order requiring the school district to provide compensatory relief in the form of additional years of educational support for an autistic student after her eligibility would normally have expired. The instant plaintiff has not outlined any similar plan for additional compensatory education or services. Moreover, the parties agree that the plaintiff is currently doing well and has "improved considerably." (Doc. No. 40 ¶ 28). The court therefore finds that the plaintiff has not requested such compensatory relief and such relief would not likely aid the plaintiff at this time.

Although the Third Circuit has not definitively addressed the issue of the availability of tort-like compensatory damages in IDEA cases, this court agrees with the majority of Courts of Appeals in finding that tort-like compensatory damages are not available. *See C.J.G. v. Scranton School Dist.*, 2007 WL 4269816, *7 (M.D.Pa. Dec. 3, 2007)(comparing holdings of Courts of Appeals). The court further agrees that other means of compensatory relief, including compensatory education and tuition reimbursement, may be available; however, compensatory damages which are not specifically designed to rectify failures in the student's education are indeed inconsistent with the purpose and intent of the IDEA. *See id.*

Finally, however, in *Burlington Sch. Comm. v. Dep't of Educ.*, 471 U.S.

359, 369-70, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985), the Supreme Court held that reimbursement for private school tuition may be awarded as compensatory damages in IDEA cases. The District argues that tuition reimbursement was a remedy available in the IDEA administrative process and therefore the court should find a failure to exhaust with respect to this proposed remedy. The District previously raised their failure to exhaust argument at the motion to dismiss stage, (Docs. No. 16, 17). Judge Caputo, however, denied the District's motion to dismiss on failure to exhaust grounds finding that the plaintiff's claimed damages went beyond those available under the IDEA and therefore render the administrative process futile. (Doc. No. 22).

The court, whether in agreement or not with the prior judge's ruling, finds it inappropriate to revisit the issue of exhaustion at this point in the litigation. As the Supreme Court explained in *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), the policies behind exhaustion requirements are: first, to protect "administrative agency authority" and to provide an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," and; second, promote judicial efficiency by avoiding unnecessary litigation in the court system. *Woodford*, 548 U.S. at 89, 126 S. Ct. 2385 (citing *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992)). Regardless of any argument that plaintiff failed to exhaust administrative

remedies, the fact remains that this case has been litigated before this court for more than two years. Discovery has cast light on the underlying events and the parties' motions and briefs have crystalized the remaining issues. The claim is now on the cusp of resolution. With utmost regard for agency authority and administrative procedures, the court believes the District's proposed dismissal for failure to exhaust would lead to the exceedingly inefficient result of starting the administrative process anew.

As such, the court finds it unnecessary to consider the Districts renewed call for dismissal on exhaustion grounds. To the extent the District argues that the plaintiff has failed to specifically plead his request for tuition reimbursement, the court believes that in the circumstances of this case, which include the prior removal of the plaintiff from public school, the broader claim for compensatory damages can be read to include a claim for reimbursement.

In sum, with respect to the plaintiff's claim for compensatory damages, the court finds that plaintiff has not requested compensatory education and that tort-like compensatory damages are not available under the IDEA. Compensatory damages for tuition reimbursement are available should a jury find that a violation of the IDEA occurred.

## V. CONCLUSION

The plaintiff has made no effort to serve or otherwise engage Defendant Forte as part of this litigation and, as such, the court will dismiss all claims against Defendant Forte. The court will enter summary judgment in favor of the District with respect to Count VII of the plaintiff's amended complaint, the claims arising under §504 of the Rehabilitation Act, because there is no remedy available. With respect to the plaintiff's IDEA claim, brought under Count II of the amended complaint, questions of material fact remain as to whether the events of March 7, 2008 constituted a violation of the IDEA. Claims based on the incidents occurring January 2, 2008 and March 4, 2008 are barred by the statute of limitations. Should a jury find a violation of the IDEA occurred, compensatory damages may be available only in the form of tuition reimbursement. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: April 22, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2010 MEMORANDA\10-2121-01.wpd