# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX SHADIE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-2121 |
| v. | : | (JUDGE MANNION) |
| HAZELTON AREA SCHOOL DISTRICT, | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM AND ORDER[1]

Presently before the court is a motion for reconsideration of the court's recent decision on the motion for summary judgment filed by Defendant Hazelton Area School District (hereinafter "the District"), (Doc. No. 52). Finding that no changes in controlling law have occurred, no new evidence has come to light and no clear error of law or manifest injustice warrant disturbing the court's prior order, the motion will be **DENIED**.

## I. BACKGROUND

The plaintiff, an adult individual who has been diagnosed with autism, alleges that a series of incidents which occurred while he was a student in the District violated his right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1412 *et*

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

*seq.*

On December 28, 2012, the District filed a motion for summary judgment, (Doc. No. 39), that was comprised of four arguments: first, that some of the alleged incidents were barred by the statute of limitations; second, that the alleged conduct did not constitute a violation of the IDEA; third, that compensatory damages are not available under the IDEA and; fourth, that the plaintiff's claims under section 504 of the Rehabilitation Act were without merit.

On April 22, 2013, the court issued a memorandum, (Doc. No. 50), and order, (Doc. No. 51), granting the motion in part and denying it in part. The court found that all claims arising before March 5, 2008 were barred by the statute of limitations and dismissed all claims under the Rehabilitation Act as a matter of law. The court found that the genuine issues of material fact remained as to whether the alleged incident on March 7, 2008, in which a teacher allegedly shoved the plaintiff during a confrontation, violated the IDEA. In addition, the court found that the plaintiff had sufficiently raised a claim for reimbursement of tuition as a possible compensatory remedy.

On May 6, 2013, the District filed the instant motion for reconsideration, (Doc. No. 52), and a brief in support, (Doc. No. 53). The District argues that the plaintiff has failed to introduce sufficient evidence to support a claim for a violation of the IDEA and that the plaintiff is not entitled to tuition reimbursement.

On May 20, 2013, the plaintiff filed a brief in opposition, (Doc. No. 56).

On June 6, 2013, the defendant filed a brief in reply, (Doc. No. 57).

## II.   DISCUSSION

In its motion for summary judgment and supporting brief, the District argued that the plaintiff had failed to demonstrate an IDEA violation and, alternatively, that compensatory damages were not an available remedy. (Doc. No. 41 at 5-11). The District raises these same claims in the instant motion for reconsideration and the court finds no grounds on which to modify its prior order.

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010).

### A. IDEA Violation

The District argues that the plaintiff's IDEA claim fails because he has not demonstrated that the school failed to implement any particular provision of his Individualized Education Plan ("IEP"). Alternatively, the District argues that the plaintiff has failed to demonstrate harm caused by any alleged failure.

These arguments do not allege any change in controlling law or new evidence and the court does find any clear error or manifest injustice in its prior order. The District notes that "[t]o prevail on a claim that a school district

3

failed to implement an IEP, a plaintiff must show that the school failed to implement substantial or significant provisions of the IEP, as opposed to a mere *de minimis* failure, such that the disabled child was denied a meaningful educational benefit." [Joseph M. v. Ne. Educ. Intermediate Unit 19, 516 F. Supp. 2d 424, 436-37 (M.D. Pa. 2007)](). As the court discussed in its memorandum of April 22, 2013, the question that remains for a jury is whether the physical altercation that allegedly occurred on March 7, 2008 was sufficiently substantial so as to alter the basic educational environment to the detriment of the plaintiff. The District's allegation that the plaintiff has not identified a specific provision that was violated misses the point that a question of fact remains as to whether a more fundamental failure – to provide a secure environment in which to implement the IEP – may have occurred.

The court also finds that the plaintiff has sufficiently alleged "educational harm," including, *inter alia*, regression in his language ability, increased agitation and aggressive behavior as noted in the report of Dr. Jeffery Naser. (Doc. No. [44]() Att.1). Therefore, the court finds no clear error or manifest injustice in its prior finding that questions of material fact remain with regard to a possible IDEA violation.

**B. Tuition Reimbursement**

The District similarly raises no novel arguments regarding the court's finding that tuition reimbursement may be available. The court agrees with the District that a party is "entitled to reimbursement only if a federal court concludes both that the public placement violated IDEA and that the private

4

school placement was proper under the Act." *Florence Cnty. Sch. Dist. Four v. Carter By & Through Carter*, 510 U.S. 7, 15, 114 S. Ct. 361, 366 (1993).

The District argues that the plaintiff's claim for tuition reimbursement fails because he has not demonstrated that a violation of the IDEA occurred and, alternatively, that the plaintiff has failed to present evidence with regard to the appropriateness of the his placement in private school. As discussed above, the court finds no error in its determination that questions of fact remain as to whether the alleged March 7, 2008 incident violated the IDEA.

With respect to the argument that the record does not support a finding that the plaintiff's post-incident placement was not proper, the court finds such an argument to be an impermissible attempt to bring new arguments not originally put forward in the motion for summary judgment. The District does not assert any newly discovered evidence, but rather argues that the record before the court at the time of the motion for summary judgment did not support the court's finding. Where a party does not present newly acquired evidence in support of a motion for reconsideration, the court will only review its judgment for error. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

The District's motion for summary judgment and its brief in support did not address, nor present evidence regarding, the extent of the evidence available to support the plaintiff's damage claim. Rather the District's briefing focused on an argument that compensatory damages are generally not available under the IDEA. Discussing that the goal of the IDEA is "to make the

Student whole educationally" and ultimately arguing that "any claim for tort-type, compensatory, money damages under the IDEA must be denied." (Doc. No. 41 at 7, 11). In its memorandum, the court outlined the three types of compensatory relief that may be available in IDEA claims, including: an order directing specific educational benefits, tort-based compensation for physical and emotional injuries and monetary damages for tuition reimbursement. The court agreed with the District that tort-based compensation is not available in addition to finding that a special order of the court was not appropriate in this case. The court found that the plaintiff's claim for compensatory damages in the form of tuition reimbursement had been sufficiently raised. The court was not asked to examine where the plaintiff had been placed and whether that placement was proper under the IDEA. The court was indeed aware that further inquiry was necessary before tuition reimbursement could be awarded; however, the question of whether tuition could ultimately be awarded in this case was not before the court. The District argued at summary judgement that no form of compensatory damages were available and the court disagreed, finding that compensatory damages in the form tuition reimbursement are available. The District cannot use a motion for reconsideration to present additional arguments not raised at summary judgment. The sufficiency of the record regarding whether the plaintiff's post-incident placement was proper was not raised in the motion for summary judgment must now be decided at trial.

In addition, the District argued that tuition reimbursement was an

administrative remedy which the plaintiff had failed to exhaust. The court found that exhaustion issue was decided by Judge Caputo, (Docs. No. 16, 17). The court declined to address the issue again and explained that after two years of litigation before this court, judicial economy no longer weighed in favor of dismissal on exhaustion grounds. In sum, the court finds no clear error or manifest injustice in its finding that tuition reimbursement may be available if a jury finds that an IDEA violation occurred.

**THEREFORE, IT IS HEREBY ORDERED, THAT**: the motion for reconsideration filed by Defendant Hazelton Area School District, (Doc. No. 52), is **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 18, 2013**