# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX SHADIE, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-2121 |
| v. | : | (JUDGE MANNION) |
| HAZELTON AREA SCHOOL DISTRICT, | : | |
| | : | |
| Defendant | : | |
| | : | |

## MEMORANDUM

## I. INTRODUCTION

Presently before the court is a Motion for Attorney's Fees filed by the defendant, Hazelton Area School District, on September 24, 2014. (Doc. 71). The defendant contends that the court should award defense counsel fees based upon the opinion filed by the Third Circuit Court of Appeals on September 10, 2014. For the reasons discussed below, the Motion for Attorney's Fees is **DENIED**.

## II. BACKGROUND

The plaintiff, an adult individual who had been diagnosed with autism, alleged that a series of incidents which occurred while he was a student in the District violated his right to a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1412 *et seq.*

On December 28, 2012, the District filed a motion for summary

judgment, (Doc. No. 39), that was comprised of four arguments: first, that some of the alleged incidents were barred by the statute of limitations; second, that the alleged conduct did not constitute a violation of the IDEA; third, that compensatory damages are not available under the IDEA and; fourth, that the plaintiff's claims under section 504 of the Rehabilitation Act were without merit.

On April 22, 2013, the court issued a memorandum, (Doc. No. 50), and order, (Doc. No. 51), granting the motion in part and denying it in part. The court found that all claims arising before March 5, 2008 were barred by the statute of limitations and dismissed all claims under the Rehabilitation Act as a matter of law. The court found that the genuine issues of material fact remained as to whether the alleged incident on March 7, 2008, in which a teacher allegedly shoved the plaintiff during a confrontation, violated the IDEA. In addition, the court found that the plaintiff had sufficiently raised a claim for reimbursement of tuition as a possible compensatory remedy.

On September 5, 2013, the plaintiff submitted a stipulation withdrawing the IDEA claim. (Doc. 65). On September 6, 2013, the court approved this stipulation and dismissed the action. (Doc. 66). The plaintiff then filed a notice of appeal on October 3, 2013. (Doc. 68).

On September 10, 2014, the United States Court of Appeals for the Third Circuit affirmed this court's April 22, 2013 decision. (Doc. 70). On September 24, 2014, the defendant filed the Petition for Award of Attorney's Fees at issue here, (Doc. 71), as well as a brief in support on October 8,

2014. (Doc. 73). On October 2, 2014, the Court of Appeals mandated that judgment be entered for the defendant in accordance with the order filed on September 10, 2014. (Doc. 72). On October 22, 2014, the plaintiff filed a brief in opposition. (Doc. 74). On November 5, 2014, the defendant filed a reply brief. (Doc. 75). On January 29, 2015, the plaintiff filed a sur reply to the reply brief. (Doc. 78).

## III. LEGAL STANDARD

The general rule is that litigant's must pay their own attorney's fees in the absence of legislation providing otherwise. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240 (1975). Congress must explicitly lay out an exception to this general rule before litigants will be afforded the opportunity to seek payment of the prevailing party's attorneys fees from the losing party. Although there are a wide variety of statutory provisions, the authorization of the award of attorney's fees in these situations is most often left to the discretion of the district court. Christianburg Garment Co. v. Equal Opportunity Commission, 434 U.S. 412 (1978).

Section 1983 of the U.S. Code provides a remedy for violations of rights created by either federal law or the U.S. Constitution. Section 1988 of the U.S. Code states that:

> "in any action or proceeding to enforce a provision of section[]... 1983... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial

3

capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."

Section 1988 also provides that prevailing defendants are only permitted to recover their attorney's fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."

Also regarding fee-shifting, the Individuals with Disabilities Education Act ("IDEA") contains the following clause:

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs (II) to a prevailing party who is a State educational agency or local educational agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or to a prevailing State educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needlessly increase the cost of litigation. 20 U.S.C. §1415(i)(3)(B).

With respect to the plaintiff's claims pursuant to the Rehabilitation Act, Section 504 states that "in any action of proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 20 U.S.C. §1415(i)(3)(B).

## IV. DISCUSSION

As an initial matter, the plaintiff argues that this court does not possess

4

jurisdiction because jurisdiction was divested upon the plaintiff's filing of the appeal on October 3, 2013 and was not returned until the Court of Appeals issued a mandate to return jurisdiction to this court on October 2, 2014. (Doc. 74, p. 3). Therefore, the plaintiff contends, the court did not possess jurisdiction at the time of the defendant's filing and accordingly does not exist in the instant petition. *Id.* The plaintiff further argues that even if this court were to forgive the "technical deficiency," the instant petition is beyond the scope of the Third Circuit's mandate. (Doc. 74, p. 4). The court disagrees as any procedural defect in filing the appeal was harmless and the matter could be stayed pending the Third Circuit resolution of appeal. Further, the Third Circuit's mandate is silent as to attorney's fees and, as such, does not limit the court's discretion in awarding reasonable attorney's fees. (Doc. 75, Ex. A).

The plaintiff also argues that the defendant's motion should be dismissed for failure to comply with Local Rule 7.1. (Doc. 74, p. 4).Local Rule 7.1 provides that "[a] motion must be written, and shall contain a certification by counsel for the movant that he or she has sought concurrence in the motion from each party, and that it has been either given or denied." The plaintiff points out that the defendant neither sought concurrence in its motion nor attached the required certification of counsel. (Doc. 74, p. 5). The defendant admits that there was no certificate of concurrence, but argues that Rule 7.1 only requires certificates to be filed with motions, and not necessarily with fee petitions. The court finds that even if the failure to file a certificate of concurrence constituted a violated of Local Rule 7.1, this error was harmless.

The primary issue in the instant matter is whether the defendant is entitled to reasonable attorney's fees as a "prevailing party" in the underlying action. (Doc. 73, p. 7). The United States Supreme Court has interpreted "prevailing party" broadly, finding that a prevailing party is merely "one who has been awarded some relief by the court." [Buckhannon Bd. & Care Home, Inc. V. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)](). Further, parties are considered prevailing if "they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit." [Hensley v. Eckerhart, 461 U.S. 424 (1983)](). The Third Circuit employs a two-prong test to determine whether there is a prevailing party: (1) "whether plaintiffs achieve relief" and (2) "whether there is a causal connection between the litigation and the relief from the Defendant." [Wheeler v. Towanda Area School Dist., 950 F.2d 128 (3rd Cir. 1991)]().

The defendant argues that it is unequivocally the prevailing party because it achieved "excellent results" in that the plaintiff's claims were dismissed, and the dismissal was upheld by the Third Circuit. (Doc. 73, p. 8). The plaintiff argues, on the contrary, that the defendant is not a prevailing party because the defendant is "not a parent of a child with a disability" and "because it did not achieve some benefit which Alex Shadie sought in bringing this lawsuit." (Doc. 74, p. 6). The plaintiff's contention, however, runs contrary to the clear language of 20 U.S.C. §1415(i)(3)(B)(II) listed above. As such, it is clear to the court that the defendant is the prevailing party.

The court is next asked to analyze whether the plaintiff's actions were

"frivolous, unreasonable or without foundation," as required under 42 U.S.C. §1988 and largely incorporated under the IDEA, so as to determine whether the defendants are entitled to prevailing party attorneys' fees. (Doc. 73, p. 8). The defendant's argument centers around the case A.W. v. Jersey City Public Schools, 486 F.3d 791, 803 (3rd Cir. 2007), in which the Third Circuit held that because "the IDEA provides a comprehensive remedial scheme... Congress did not intend Section 1983 to be available to remedy violations of the IDEA." The defendant contends that the plaintiff's failure to disclose this case to the court, or the failure to advance a good faith justification as to why the case should not be applied, shows that the Section 1983 claims were brought without foundation. (Doc. 73, p. 9-10). The plaintiff points out that no court has actually determined the claims to be "frivolous, unreasonable, or without foundation." (Doc. 74, p. 7). In fact, the claims have already survived the defendant's Motion fo Summary Judgment, (Doc. 39), the subsequent motion for reconsideration, (Doc. 52), as well as the initial Motion to Dismiss. (Doc. 16). The plaintiff also points out that the Third Circuit did not make a determination as to the frivolity of the claims; the Circuit Court merely affirmed the judgment of this court. (Doc. 74, p. 7).

The court agrees with the plaintiff. Although the court has the discretion to award fees under IDEA and 1988, it declines to do so. The mere fact that the plaintiff survived the Motion to Dismiss and Motion for Summary Judgment, makes it such that the defendant cannot now effectively argue that

the claims were frivolous, unreasonable, or without foundation. When considered along with the fact that no court has determined these claims to be frivolous, the court will not award attorney's fees based on the defendant's contentions involving the A.W. case. Further, the court does not need to reach the issue of whether the fees are reasonable because fees will not be awarded.

## V. CONCLUSION

It is for the reasons discussed above that the Motion for Attorney's Fees filed by the defendants is **DENIED**. An appropriate order shall follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: September 8, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2010 MEMORANDA\10-2121-03.wpd